UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. URIEL WOOLFOLK, <br><br>Petitioner, <br><br>v. <br><br>KEITH ANGLIN, Warden <br><br>Respondent. | ) ) ) ) ) ) ) No. 09 C 6988 ) ) Judge Rebecca R. Pallmeyer ) ) ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Uriel C. Woolfolk was sentenced to prison pursuant to negotiated plea agreements in the circuit courts of DuPage and Cook Counties. He petitions this court, under 28 U.S.C. § 2254, for a writ of habeas corpus, asserting that his trial counsel provided him ineffective assistance and that he has not received the benefit of the bargain of his DuPage County plea agreement in violation of his due process rights. For the reasons stated below, the petition is denied.

## BACKGROUND AND PROCEDURAL HISTORY

On August 24, 2004, while in federal custody for other convictions, Petitioner entered into a negotiated plea agreement in two cases in the circuit court of DuPage County. (Apr. 25, 2008 Summary Order, Ex. C to Resp't's Answer, at 1-2.) In exchange for an entry of *nolle prosequi* on additional counts, Petitioner pleaded guilty to one count of unlawful use of a credit card in violation of 720 ILCS 250/8(ii) in case number 01-CF-2014. He also pleaded guilty to one count of unlawful use of a credit card in violation of 720 ILCS 250/8(ii) and one count of aggravated possession of a stolen vehicle in violation of 625 ILCS 5/4-103.2(a)(3) in case number 01-CF-2080. (*Id.*; Br. and Arg. for Def.-Appellant, Ex. A to Resp't's Answer, at 4-5.) The court sentenced Petitioner to prison

terms of three years, three years, and six years, respectively, all to run concurrent to each other and to the federal sentence Petitioner was already serving. (Jun. 12, 2009 Rule 23 Order, Ex. H to Resp't's Answer, at 2.) Petitioner received 543 days of credit for time he had served in jail. (Apr. 25, 2008 Summary Order at 1-2.) Petitioner was also ordered to pay penalties for the Driver's Education Fund and Court Sentence Monitoring Program. (*Id.*)

Six days later, on August 30, 2004, Petitioner entered into another negotiated plea agreement, this time in the Cook County Circuit Court in case number 02-CR-2562701. (Jun. 12, 2009 Rule 23 Order at 2.) Pursuant to this agreement, Petitioner pleaded guilty to one count of criminal drug conspiracy in violation of 720 ILCS 570/405.1(a) and was sentenced to a prison term of twelve years. (*Id.*) The Cook County court order stated that Petitioner was to receive 597 days of jail credit. (*Id.*) The court also ordered Petitioner to serve his Cook County sentence consecutively to the DuPage County sentences. (*Id.*) The Cook County sentence, like the DuPage County sentence, was to run concurrently with the fifty-month federal sentence imposed on Petitioner in 2003. (*Id.*)

In December 2004, while incarcerated[1], Petitioner received a copy of his sentence calculation worksheet from the Illinois Department of Corrections ("IDOC"). The IDOC worksheet showed Petitioner's DuPage and Cook County sentences had been aggregated, pursuant to 730 ILCS 5/5-8-4, to a single sentence of eighteen years in prison, with 597 days of jail credit. (June 12, 2009 Rule 23 Order at 2.) This aggregated sentence was contrary to Petitioner's expectations in two respects. First, Petitioner believed his DuPage and Cook County sentences would each run concurrently to one another and to the fifty-month federal sentence he was already serving. (*Id.*

---

[1] It is unclear where Petitioner was incarcerated when he received the IDOC worksheet, or even whether he was in federal or state custody. On the same page of its motion to dismiss to dismiss Woolfolk's petition for postconviction relief, Respondent identifies the date of Woolfolk's transfer from federal to state custody as both October 27, 2004, and October 27, 2006. (People's Mot. to Dismiss and Alternatively Resp. to Def.'s Pet. for Post Conviction Relief in the State Ct. R., Ex. L(1) to Resp't's Answer, at 195.)

at 11.) By that rationale, Petitioner contends, assuming he received credit for good behavior, by the time his federal sentence ended, he would have fully served his DuPage County sentence and would have only a small portion of the Cook County sentence remaining to be served.

The second way in which the IDOC worksheet disappointed Petitioner related to jail credit. Petitioner believed he would receive both 543 days of jail credit from the DuPage County sentence and an additional 597 days of jail credit from the Cook County sentence, but the IDOC worksheet showed only jail credit only against the Cook County sentence. (June 12, 2009 Rule 23 Order at 2.) In an affidavit, Petitioner's trial counsel stated:

> I explained to [Petitioner] that the sentence in [DuPage], as well as the sentence that he was to receive in Cook County . . . would run concurrently to his previously imposed [f]ederal sentence, with Cook consecutive to DuPage. I further explained to [Petitioner] that the DuPage portion of his sentence would probably expire prior to his release from federal custody, that he would have a Cook County sentence unexpired and that remaining time would still need to be served after the DuPage sentence. Lastly, I explained to [Petitioner] that 543 days of jail credit would be given to him on the DuPage County pleas and would be separate from the jail credit that he was to receive in Cook County, if any Cook County additional [credit] was provided and if accepted by the IDOC.

(*Id.* at 9-10.)

Upon receiving the IDOC sentence calculation worksheet, Petitioner contacted his attorney and expressed his dismay about the calculation, but counsel advised him that the time for appeal from his sentence had elapsed. (June 12, 2009 Rule 23 Order at 2-3.) Nevertheless, beginning in March 2005, Petitioner began communicating with the DuPage County trial court regarding the calculation of his sentence. (*Id.* at 3.) These communications had some effect; on January 23, 2006, and again on January 25, 2007, the DuPage County trial court sent orders to IDOC directing that Petitioner receive 543 days of jail credit in addition to the 597 days ordered by the Cook County court. (*Id.*) IDOC has declined to amend the sentence calculation, however. IDOC takes the

position that where consecutive sentences are imposed, only a single jail credit is appropriate.[2] (Supp. Br. and Arg. for Def.-Appellant, Ex. G to Resp't's Answer, at 19-20.)

On August 21, 2006, Petitioner filed a *pro se* petition in the Circuit Court of DuPage County, asking that his sentence be discharged or reduced. (June 12, 2009 Rule 23 Order at 3.) The trial court appointed counsel for Petitioner and heard arguments on the petition on September 12, 2006. (*Id.*) Petitioner addressed the court at that time, explaining that his decision to enter the plea

---

[2] It is not readily apparent from the record why IDOC refused to comply with the DuPage County court order, nor why the court did not take action to enforce it. Notably, however, the court itself was somewhat equivocal. The first order, issued on January 23, 2006, states that Petitioner is to receive his 543 days of DuPage County credit "in addition to any credit received and sentence imposed by Cook County . . . ." (Jan. 23, 2006 Order in State Ct. R., Ex. K(1) to Resp't's Answer, at 187.) During a sentence reduction hearing in the DuPage County Circuit Court on September 12, 2006, however, the presiding judge stated, "I think the Department of Corrections is right, that you don't get a double credit when the sentences are consecutive." (Hrg. Tr. in State Ct. R., Ex. K(2) to Resp't's Answer, at 227-29.) A few months later, on January 25, 2007, the court issued an order, ostensibly in response to Woolfolk's August 21, 2006 petition for reduction of his sentence, stating that Petitioner was to receive his 543 days of DuPage County credit "on this case . . . and any consecutive sentences served out of Cook County." (Jan. 25, 2007 Order in State Ct. R., Ex. K(2) to Resp't's Answer, at 245.) Although this court believes that language is open to more than one interpretation, counsel in this case, and the Illinois Appellate Court, appear to understand this order as a reiteration of the January 23, 2006 order–that is, as a direction that Petitioner be granted the 543 days of DuPage County credit "in addition to" the 597 days of Cook County credit. (See June 12, 2009 Rule 23 Order at 3.)

This court is uncertain, however, that Illinois law accords IDOC discretion to award more than one credit to Petitioner's consecutive sentences. The governing statute, 730 ILCS 5/5-8-4(e), states:

> In determining the manner in which consecutive sentences of imprisonment . . . will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term with the following incidents:
>
> (4) the offender shall be awarded credit against the aggregate maximum term and the aggregate minimum term of imprisonment for all time served in an institution since the commission of the offense or offenses and as a consequence thereof . . .

In other words, "consecutive sentences are to be treated as a single term and credit against that single term can be applied only once to the whole . . . To grant a defendant separate credit against each of his consecutive sentences in effect would award double credit." *People v. Biggs*, 297 Ill.App.3d 1046, 1055, 691 N.E.2d 48, 55 (1st Dist. 1998).

agreement in DuPage County was founded on his trial counsel's advice that Petitioner would have only eighteen months remaining on his Illinois sentences at the time he was to be released from federal custody. (*Id.*; Supp. Br. and Arg. for Def.-Appellant at A27-28.) Petitioner also maintained that, had he understood that his Cook County sentence would run consecutively to his DuPage County sentence and that he would not receive the jail credit awarded by both counties, he would not have pleaded guilty. (June 12, 2009 Rule 23 Order at 8-9.) Although the Cook County plea was independent of and subsequent to Petitioner's DuPage County plea, by the time he entered into the plea agreement in DuPage County, Petitioner had already negotiated his Cook County plea and considered the combined effect of the two agreements. (*Id.* at 9.) In support of his August 21, 2006 petition, Petitioner observed that IDOC had refused to adjust his sentence calculation even after the DuPage County trial court issued an order amending Petitioner's sentence to include the 543 days of jail credit. (Supp. Br. and Arg. for Def.-Appellant at A14-15.) He urged the court to issue an order declaring his DuPage sentence served in full. (*Id.* at A16.) The Du Page County Circuit Court denied Petitioner's request and suggested that he raise the question of jail credit with the Cook County Circuit Court. (*Id.* at A25-26, A28.)

Petitioner appealed the DuPage County order through counsel. Because the appeal was from denial of a petition challenging the sentence, which is a final judgment in a criminal case, the appellate court characterized this as a direct appeal. (June 12, 2009 Rule 23 Order at 6.) In their briefs on appeal, both Petitioner and the state ignored arguments relating to the discharge of Petitioner's sentence and his claim of ineffective assistance of counsel. Instead, the parties focused only on the issue of certain fines that had been imposed with the sentences. (See Br. and Arg. for Def.-Appellant, Ex. A to Resp't's Answer; Br. and Arg. for Pl.-Appellee, Ex. B to Resp't's Answer.) On April 25, 2008, the appellate court vacated the fines, but otherwise affirmed the judgment. (Apr. 25, 2008 Summary Order at 4-5.) Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court at that time. (Resp't's Answer at 3-4.)

In the meantime, on July 31, 2007, Petitioner's attorney filed a motion to amend the *mittimus* by granting credit toward his DuPage sentence for the time Petitioner served in federal prison. (June 12, 2009 Rule 23 Order at 3.) But on November 6, 2007, Petitioner's counsel withdrew, declining to explain the reasons for his withdrawal. (Nov. 6, 2007 Tr. in State Ct. R., Ex. K(3) to Resp't's Answer, at 217.) Shortly thereafter, Petitioner obtained substitute counsel. (Nov. 20, 2007 Tr. in State Ct. R., Ex. K(3) to Resp't's Answer, at 231.) On January 16, 2008, per the new attorney's request, the court agreed to treat the July 31, 2007 motion as filed under the Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq., and granted leave to amend that motion. (June 12, 2009 Rule 23 Order at 3.) In his amended postconviction petition, filed on February 28, 2008, Petitioner argued that (1) entry of the DuPage County plea, without Petitioner's knowledge of the combined effect of the DuPage and Cook County pleas, constituted a violation of his due process rights and (2) he received ineffective assistance of counsel when his trial attorney misinformed him of the aggregated effect of the two pleas. (*Id.* at 3-4.) The trial court dismissed the petition without an evidentiary hearing on June 10, 2008, and then denied Petitioner's motion to reconsider on July 8, 2008. (*Id.* at 4.)

Petitioner timely appealed to the Illinois Appellate Court, arguing that his guilty plea was based on his lawyer's inaccurate advice that the DuPage plea agreement would result in a DuPage sentence that would expire prior to his release from federal custody, whereas a trial could result in a fifteen-year prison sentence. (Br. and Arg. for Def.-Appellant, Ex. D to Resp't's Answer, at 7.) The state argued, and the court agreed, that procedural default barred Petitioner's ineffective assistance argument because he did not raise that issue on direct appeal. (June 12, 2009 Rule 23 Order at 5.) Nevertheless, the court addressed the merits of the postconviction petition "because they raise issues of constitutional dimension." (*Id.* at 7.) The court stated that, for Petitioner to succeed on his claim, he would have to "demonstrate both that his attorney's performance was objectively deficient and also that [he] was prejudiced by the deficient performance such that the

6

outcome of the proceeding would have been different absent that performance." (*Id.*) Failure to establish either deficient performance or subsequent prejudice requires dismissal of the postconviction petition. (*Id.* at 7-8.)

The court ultimately concluded that Petitioner did not receive representation that was objectively deficient. With respect to the 543 and 597 days of jail credit from DuPage and Cook Counties respectively, the court noted that Petitioner's attorney instructed him that he would receive credit from both counties only "if accepted by the IDOC." (June 12, 2009 Rule 23 Order at 10.) Because IDOC in fact rejected the aggregation of the 543 days of jail credit from DuPage and the 597 days from Cook County, the court could grant no further relief. (*Id.*)

With respect to the consecutive nature of the sentences, the appellate court first observed that the trial court expressly informed Petitioner that his sentence in DuPage County would be consecutive to any sentence imposed in Cook County. (*Id.* at 9.) Second, the court noted that Petitioner's counsel's statements on the issue of consecutiveness merely described what impact the Cook County plea was *likely* to have on his total prison time.[3] (*Id.* at 12.) Counsel did not provide a "'concrete and misleading declaration[] of the consequences of pleading guilty,' but rather a 'mere prediction which, if unfulfilled, did not give [Petitioner] a right to post-conviction relief.'" (*Id.* at 12, 13 (quoting *People v. Robinson*, 103 Ill. App. 3d 1084, 1088, 432 N.E.2d 313, 316 (3d Dist. 1982).) The court ultimately concluded that Petitioner's challenge to the aggregation of his sentences arose from the Cook County proceedings and that the appellate court could afford

---

[3] In an affidavit Petitioner's counsel submitted to the Illinois court of appeals as an attachment to Petitioner's motion, he stated:

> I explained to [Petitioner] that the sentence in [DuPage], as well as the sentence that he was to receive in Cook County . . . would run concurrently to his previously imposed [f]ederal sentence, with Cook consecutive to DuPage. I further explained to [Petitioner] that the DuPage portion of his sentence would probably expire prior to his release from federal custody, that he would have a Cook County sentence unexpired and that remaining time would still need to be served after the DuPage sentence.

7

Petitioner no relief from those proceedings. (*Id.* at 11.) Therefore, the court held that Petitioner did not receive ineffective assistance, that he knowingly and voluntarily entered into his DuPage County plea agreement, and that he enjoyed the full benefit of that bargain. (*Id.* at 13.)

Petitioner filed a petition for leave to appeal, which was denied by the Illinois Supreme Court on September 30, 2009. (Order Denying Petition for Leave to Appeal, Ex. J to Resp't's Answer.) On November 6, 2009, he filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that his trial counsel was ineffective and that he did not receive the benefit of his DuPage County plea agreement in violation of his due process rights. (Nov. 6, 2009 Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody (hereinafter "Woolfolk Habeas Pet.") [1] at 8.) Petitioner asks this court to deem his sentence served or, in the alternative, to vacate the sentence and remand for trial. (*Id.* at 16.) Through counsel, Petitioner also asks this court to grant an evidentiary hearing to examine the evidence of the parties.[4] (Pet'r's Reply at 6.)

## **DISCUSSION**

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court will grant habeas relief only where the decision of the state court was "contrary to or involved an unreasonable application of clearly established Federal law" or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2). Factual determinations made by the state court are presumed correct unless the petitioner rebuts the presumption by clear and convincing evidence. *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law . . . [or] if the state court confronts facts that are materially indistinguishable from a relevant

---

[4] Petitioner appears to have retained counsel sometime between the filing of his initial habeas petition and the filing of his reply brief.

Supreme Court precedent and arrives at a result opposite to [the United States Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court's decision is an "unreasonable application" of clearly established federal law when the state court clearly identifies the correct legal rule but applies that rule unreasonably. *Id.* at 407. The Supreme Court has cautioned that an "unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410. "Unreasonable application" means that the state court's decision is "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

Moreover, before this court can consider a claim, the petitioner is required to "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "In order to satisfy this requirement, a petitioner must fairly present his federal claims at each level of the state's established review process . . . . Failure to do so constitutes procedural default that precludes review by federal courts." *Johnson v. Pollard*, 559 F.3d 746, 751-52 (7th Cir. 2009) (citations omitted). "Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). A federal habeas petitioner "may raise a federal claim which has been procedurally defaulted if he can demonstrate adequate *cause* to excuse his failure to raise the claim in state court and actual *prejudice* resulting from the default." *Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir.1991) (emphasis in original).

In affirming the dismissal of Petitioner's postconviction petition, the Illinois appellate court held that Petitioner's ineffective assistance of counsel claim was procedurally defaulted when, through counsel, he failed to raise the issue on direct appeal. While the court went on to address the merits of the postconviction petition, the court was clear in its statement that procedural default alone barred Petitioner's request. (June 12, 2009 Rule 23 Order at 5-6.) This is generally sufficient to preclude a federal court from granting a habeas petition. *See Moore v. Bryant*, 295 F.3d 771,

774 (7th Cir. 2002) ("A federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment."). Petitioner did, however, present this claim each time he personally addressed the trial court as well as "through one complete round of state-court review" in his postconviction proceedings. *See Lewis*, 390 F.3d at 1025. This court will discuss the merits of the petition.

### A. Ineffective Assistance of Counsel

In support of his ineffective assistance claim, Petitioner contends that his attorney did not accurately inform him about the way the sentence resulting from the DuPage County plea would be combined with his Cook County sentence. To prevail on this claim, Petitioner must establish both that his attorney's performance fell below an objective standard of reasonableness and that prejudice resulted. *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Under the court's "highly deferential" approach, it presumes that an attorney effectively advised his client unless the petitioner brings specific allegations of acts or omissions "made outside the wide range of professionally competent assistance." *Hutchings v. United States*, 618 F.3d 693, 696 (7th Cir. 2010) (quoting *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003)). Further, "[t]he object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

According to Petitioner, his lawyer fell below a reasonable standard of competence by advising Petitioner that he could receive both the 543 days of jail credit from DuPage County and 597 days of jail credit from Cook County. (Woolfolk Habeas Pet. at 6, 8.) Petitioner appears to contend, further, that counsel erroneously led him to believe that he would serve both his DuPage and Cook County sentences concurrently to each other and to the already-imposed federal

sentence. (Woolfolk Habeas Pet. at 8.) The state court found no deficiency in counsel's performance; the court characterized counsel's advice concerning Petitioner's potential sentence as a "mere prediction" rather than a "concrete and misleading declaration."

This court, however, need not scrutinize the performance of Petitioner's trial counsel. Petitioner's ineffective assistance claim fails because he cannot establish prejudice even if his counsel's performance was deficient. To do so in the context of a plea bargain, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Premo v. Moore*, ___ U.S.___, 131 S. Ct. 733, 743 (2011). "[T]he petitioner must do more than simply allege that he would have insisted on going to trial; he must also come forward with objective evidence that he would not have pled guilty." *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (internal quotation marks and citation omitted). In *Hutchings*, the court explained that the defendant's subjective statements were insufficient to show prejudice where the defendant claimed that he would have insisted on a trial had he known his guilty plea sentence might not be reduced one year later, as his lawyer promised. *Id.* at 697-98. Defendant's statements were even less persuasive when examined in light of their objective context: Hutchings had expressed his desire to plead guilty in letters to the court even before counsel was appointed, and he was facing a life sentence regardless because he had violated parole in another case. *Id.* at 698. The court found that Hutchings had failed to demonstrate that he would not have pleaded guilty but for his counsel's advice. *Id.* at 699.

Similarly, Petitioner offers his own subjective statements that he would have insisted on a trial in DuPage County had he known his DuPage and Cook County sentences would run consecutively, but no other evidence to substantiate his claims of prejudice. Indeed, in his brief in support of his petition for postconviction relief, Petitioner concedes that his sentence "was implemented the way it was written." (Br. and Arg. for Def.-Appellant, Ex. D to Resp't's Answer, at

11

13.) This court also notes that as a result of Petitioner's plea agreement in DuPage County, he received a prison sentence of six years–a far less onerous sentence than the fifteen years he understood he would have received had he been found guilty at trial. Thus, while Petitioner, like the defendant in *Hutchings*, may have hoped or even subjectively believed he would serve a shorter term in prison than his plea agreement indicated, Petitioner has failed to proffer objective evidence demonstrating that he would have insisted on going to trial but for his counsel's alleged errors.

      **B.**      **Due Process**

Petitioner argues that his due process rights were violated because the jail credit from his DuPage County plea was not included in the aggregated sentence as calculated by IDOC. A negotiated guilty plea does not violate a defendant's due process rights, however, and must withstand collateral attack, unless the sentence actually imposed differs significantly from that promised by the government. *U. S. ex rel. Baker v. Finkbeiner*, 551 F.2d 180, 183 (7th Cir. 1977). Petitioner cannot meet this test. The trial court told Petitioner that he would be sentenced to a term of six years in prison, to be served concurrently with his federal sentence and consecutively to any sentence that would be imposed in Cook County. (June 12, 2009 Rule 23 Order at 9.) Petitioner learned that he would receive 543 days of jail credit, and his attorney advised him that this would be in addition to any jail credit granted by the Cook County court, "if accepted by the IDOC." (*Id.* at 10.) The sentence handed down by the court is identical to what was anticipated in the plea agreement. It is unfortunate for Petitioner that IDOC ultimately declined to award the combined credit granted by the DuPage and Cook County courts, but, as explained above, *supra* n. 1, it is not at all clear that IDOC's decision was inconsistent with Illinois law. And if Petitioner is indeed correct about his entitlement to the credit, he remains free to ask the DuPage Court to enforce its orders regarding the aggregation of the DuPage and Cook County jail credits; the court's failure to do so on its own is not a denial of constitutional due process.

Petitioner's case is distinguishable from the cases which he cites in his reply brief. In those

cases, the defendants were not informed their sentences would include mandatory parole periods following their terms of incarceration. *See Finkbeiner*, 551 F.2d at 181; *People v. Whitfield*, 217 Ill. 2d 177, 180, 840 N.E.2d 658, 661 (2005). Thus, when the defendant in *Finkbeiner* pleaded guilty, he knew his sentence would include two years in prison but was unaware of the additional two-year mandatory parole. *Finkbeiner*, 551 F.2d at 183. In that case, the Seventh Circuit reversed the district court's dismissal of the defendant's habeas petition, holding that the defendant's due process rights had been violated because the sentenced imposed was significantly different from what the trial court had promised. *Id.* at 183-184. Similarly, the defendant in *Whitfield* was not warned that his twenty-five-year prison sentence would be followed by a mandatory three-year period of supervised release. *Whitfield*, 217 Ill. 2d at 180, 840 N.E.2d at 661. The Illinois Supreme Court remanded the case to the trial court with instructions to reduce the defendant's sentence to twenty-two years in prison followed by three years of parole, so the terms of the defendant's sentence matched what he had been promised. *Id.* at 205.

Unlike the defendants in either *Whitfield* or *Finkbeiner*, Petitioner has not been subjected to a sentence significantly different from that promised by the prosecutor or imposed by the trial court. Therefore, this court can grant no further relief.

## **CONCLUSION**

For the reasons stated herein, the § 2254 petition is dismissed. At bottom, Woolfolk objects to the calculations of credit he received for jail time. However meritorious his objection may be, the court concludes he has not made "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting 28 U.S.C. § 2253(c)(2)); *see also Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011). Because the court also concludes that reasonable jurists would not debate this conclusion, the court declines to issue a certificate of

appealability.

ENTER:

Dated: December 16, 2011

_____
REBECCA R. PALLMEYER
United States District Judge